SHAPIRO, Appellant,

v.

SHAPIRO, Appellee.

[Cite as *Shapiro v. Shapiro* (1992), 83 Ohio App.3d 744.]

Court of Appeals of Ohio,
Summit County.

No. 15630.

Decided Dec. 16, 1992.

*Randal A. Lowry,* for appellant.

*David Lieberth* and *Jules Markowitz,* for appellee.

---

REECE, Judge.

Plaintiff-appellant, Arnold Shapiro, appeals that portion of his divorce decree dividing the parties' assets. We reverse.

Arnold and the defendant-appellee, Susan Shapiro, were married in 1983. There were no children born of this marriage, although Arnold had adult children as issue of two previous marriages.

Arnold filed for divorce in 1990 and Susan counterclaimed. A trial was held in January 1992, and the court entered its final judgment granting the divorce on February 14, 1992. The trial court amended its entry on February 26, 1992, based on errors in its distribution of the parties' assets. Arnold appeals, raising four assignments of error.

## Assignments of Error

"1. The lower court erred in awarding the wife a marital share in the husband's business.

"2. The lower court erred in awarding the wife a marital share in the husband's house.

"3. The lower court erred in awarding the wife a marital share in the husband's IRA.

"4. The lower court erred because its findings of fact (1) failed to comply with R.C. 3105.17(B), (D) and (G); and (2) failed to supply enough information to enable an appellate court to determine if error was committed below."

These four assignments of error question the trial court's findings that certain assets are marital property. Because disposition of each assignment involves the same analysis, we will discuss them together.

The procedure for distribution of property at the termination of a marriage is found in R.C. 3105.171. A court must determine whether property is marital property or separate property owned by one of the spouses.

R.C. 3105.171(A) defined "marital property" and "separate property" as follows:

"(3)(a) 'Marital property' means, subject to division (A)(3)(b) of this section, all of the following:

"(i) All real and personal property that currently is owned by either or both of the parties, including, but not limited to, the retirement benefits of the parties, and that was acquired by either or both of the parties during the marriage;

"(ii) All interest that either or both of the parties currently has in any real or personal property, including, but not limited to, the retirement benefits of the parties, and that was acquired by either or both the parties during the marriage;

"(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either spouse or both spouses that occurred during the marriage.

"(b) 'Marital property' does not include any separate property.

" * * *

"(6)(a) 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:

" * * *

"(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage[.]"

After the court determines whether property is marital or separate, it must make an equitable distribution of that property. First, a court shall distribute a spouse's separate property to that spouse unless it makes specific findings of fact to the contrary. R.C. 3105.171(D). The court then starts with the premise that any marital property should be equally divided. R.C. 3105.171(C)(1).

■ A trial court enjoys broad but not unlimited discretion in fashioning an equitable division of marital property. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 482, 450 N.E.2d 1140, 1141; *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293, paragraph two of the syllabus. For an abuse of discretion to exist, the court's attitude must be "unreasonable, arbitrary or unconscionable" and not merely an error of law or judgment. *Blakemore,* 5 Ohio St.3d at 219, 5 OBR at 482, 450 N.E.2d at 1142. In this case, the trial court abused its discretion in classifying marital and separate property and determining what percentage of the assets were to be distributed to each spouse.

■ Red's Bar, the marital residence, and the IRA were all Arnold's separate property prior to the marriage. The only trial testimony regarding the IRA was Arnold's statement that it was funded prior to the marriage. Susan did not recall when it was funded. Thus, the court's finding that there was no testimony regarding when the IRA was acquired is inaccurate. The court abused its discretion in finding the IRA to be marital property.

■ There is no dispute that Red's Bar and the marital residence were Arnold's separate property before the marriage. However, during their marriage, spouses can convert separate property to marital. If the non-possessory spouse acquires an interest in the property during the marriage, that property can become marital property. R.C. 3105.171(A)(3)(a)(i). It is possible that Susan

may have a property interest in the bar or house in this instance; however, it does not appear that the trial court based its findings on this theory.[1]

Rather, the trial court determined the "wife's share" of Red's Bar and the house based on the time Susan was associated with those assets. Because Susan worked at Red's Bar for five of the thirty-one years Arnold was the bar's owner, the trial court found that sixteen percent of Red's Bar was marital property. This finding was made because five is sixteen percent of the thirty-one years Arnold owned Red's Bar. The house was divided in a similar fashion. The court abused its discretion in dividing marital property in this manner.

Arnold began operating Red's Bar in 1957. Due to his efforts, Red's Bar became a successful business before he married Susan. There is no evidence on the record showing the value of Red's Bar at the time of the marriage. During the marriage, Red's Bar may have appreciated. If it did, the amount the asset appreciated would be marital property if Susan contributed to the appreciation. R.C. 3105.171(A)(3)(a)(iii). Because Susan worked at Red's Bar, it appears that any appreciation occurring during the marriage is marital property. However, we find no evidence that Susan acquired an interest in Red's Bar that transforms Arnold's separate property interest in Red's Bar into marital property. Thus, the trial court could correctly find that sixteen percent of Red's Bar was marital property only if the bar appreciated sixteen percent during the marriage. However, it appears unlikely that Red's Bar, a business which lost money during the marriage, increased in value sixteen percent during that time. The trial court abused its discretion in finding that sixteen percent of Red's Bar was a marital asset based solely on the amount of time that Susan worked there.

The same is true of the court's finding that forty-three percent of the house was marital property because Susan had lived there nine of the twenty-one years Arnold owned the property. It is clear the house appreciated $20,000 in value during the marriage. If the appreciation was due in part to Susan's efforts, she should share in this appreciation. The house could be marital property because Arnold transferred an interest to Susan during the marriage. R.C. 3105.171(A)(3)(a)(i). The trial court did not base its decision that the house was marital property on this transfer, apparently because it believed Arnold did not intend to give his wife a present interest in the property. Rather, the trial court based its finding that the house was marital property on the time Susan lived in the house. This was an abuse of discretion.

---

1. Arnold asserts the trial court did not find whether the property was marital or separate property. However, because it divided the property between the spouses, we presume the court found the house and business to be marital property. If the court found the property to be separate but still ordered it divided, it clearly committed error.

We find no evidence to support the trial court's decision to make time the determining factor in dividing Red's Bar or the house. Further, we find no evidence to support the court's finding that Arnold's IRA was marital property. Accordingly, the trial court's decision is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, J., concurs.

BAIRD, P.J., concurs in judgment only.