MAYER, Appellant,

v.

MAYER, Appellee.

[Cite as *Mayer v. Mayer* (1996), 110 Ohio App.3d 233.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–95–71.

Decided April 3, 1996.

*Tina R. Haddad,* for appellant.

*Shelby D. Golden,* for appellee.

---

EVANS, Judge.

This is an appeal by Karen Mayer from a judgment rendered by the Court of Common Pleas of Allen County, Domestic Relations Division, granting the parties a divorce and dividing their marital property.

James E. Mayer, appellee, and Karen K. Mayer, appellant, were married in June 1962. During the course of their thirty-three-year marriage, the parties had three children, all of whom were over the age of majority at the time this case commenced. Appellant initiated this action, filing a complaint for legal separation in August 1994. Appellee responded with an answer and counterclaim for divorce. Appellant's complaint was subsequently amended to one of divorce on the grounds of adultery, and appellee amended his answer to withdraw his counterclaim and admit the allegation of adultery. On April 13, 1995, the case was set for final hearing. The trial court rendered a decision on June 6, 1995, later amending that decision and ordering further hearings to determine the value of appellee's pension. A final judgment was rendered on September 6, 1995, incorporating two previous entries, which granted the parties a divorce and distributed their property.

Appellant now appeals this decision, asserting four assignments of error.

Assignment of Error No. 1

"The trial court abused its discretion by deeming the 3742 Beeler Road property as nonmarital, although, the weight of the evidence demonstrated otherwise."

In her first assignment of error, appellant argues the trial court abused its discretion in determining the parcel of property at issue was the separate property of the appellee. At the hearing for divorce, both appellant and appellee testified about the nature of their assets and debts, including the property at 3742 Beeler Road. Appellee testified that the property located at 3742 Beeler Road had been in his family for over one hundred years and that his mother had given him the property as an advance inheritance. This testimony was unquestioned by appellant's counsel and uncontested during appellant's testimony. Although appellee further testified that the property at issue was deeded to both him and his wife three years before the divorce action, no deed was submitted by appellant's counsel. Moreover, appellant's testimony concerning the property was limited to the work she had done on the property such as mowing and

hauling farm products. Appellant also stated that both she and her husband shared the income gained from farming the property.

When reviewing a case on appeal, we are mindful that the trial court has broad discretion when deciding what is equitable under the facts of each case. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. After reviewing the totality of the circumstances, a trial court's decision will not be overturned absent an abuse of discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597, 599–600. " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149.

The trial court in this case, as the trier of fact, could have concluded from the evidence presented at the hearing that the appellee received the property at 3742 Beeler Road as an advance inheritance. There was no deed presented at trial or other evidence to dispute his claim. In any case, we note that "the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property." R.C. 3105.171(H).

R.C. 3105.171(A) states:

"(6)(a) 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:

"(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage * * *."

According to this statute, the 3742 Beeler Road property did qualify as separate property if the appellee's testimony was believed. Therefore, we cannot find that the trial court abused its discretion when it found the same. Therefore, we overrule appellant's first assignment of error.

Assignment of Error No. 2

"The trial court abused its discretion by not ordering an equitable distribution of the Defendant–Appellee's policemand [*sic*] and fireman pension plan and instead ordered said pension the property of the Defendant–Appellee, free and clear of any claim by the Plaintiff–Appellant."

Trial courts in domestic relations cases have broad discretion when determining the equitable settlement of marital property. *Berish v. Berish* (1982), 69 Ohio St.2d 318, 319, 23 O.O.3d 296, 297, 432 N.E.2d 183, 184. The

decision of the trial court dividing marital property will not be overturned absent a showing of an abuse of discretion. *Id.* There was no dispute in this case that appellee's entire pension account with the Police and Firemen's Disability and Pension Fund was acquired during the course of the marriage and constituted marital property under R.C. 3105.171(A)(3)(a)(ii). The trial court found it equitable in this case, in light of the parties' few major assets and high outstanding debts, to award the pension account to appellee along with all the marital debt and to award appellant the parties' home, van, and household goods free and clear. We find no abuse of discretion in making this distribution.

The Supreme Court of Ohio addressed the issue of dividing retirement benefits in divorce cases in *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292. When determining an equitable distribution of a pension in a divorce case, *Hoyt* stated that a trial court should examine "the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." *Id.* at 179, 559 N.E.2d at 1295. The goals to be achieved by such an examination are (1) to preserve the pension asset to the best benefit of both parties, and (2) to disentangle the parties' financial partnership and promote finality to the parties' divorce. *Id.* The court in *Hoyt* noted that the trial court has discretion in this area, stating, "any given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making an equitable distribution of both parties' marital assets." *Id.* at 180, 559 N.E.2d at 1296.

The parties in this case had marital debt of approximately $112,000 outstanding at the time of their divorce. Their only major assets included a marital residence valued at $50,000 and a vested pension valued between $92,000 and $299,000, depending on the retirement date selected by appellee. If appellee retired in January 1996, the pension would have a value of $299,000. However, if appellee continued to work and retired at age sixty-five, the value of the pension drops to approximately $92,000. Through its judgment entry, the trial court found that a strict valuation of the pension plan at either $299,000 or $92,000 would be inequitable since, from the evidence, it appeared unlikely that appellee would retire in January 1996 or wait until age sixty-five. Furthermore, it seems from a review of the record that a qualified domestic relations order was not employed, since the parties' marital debt would then be split, leaving appellant with thousands of dollars of debt and no income to pay the bills with other than spousal support. At the same time, since it is unknown when appellee will retire, the receipt of an income from the pension is uncertain, leaving appellant currently disadvantaged financially and placing her at risk that the pension could terminate if appellee dies before the pension is drawn. Rather, the trial court's distribution gave appellant approximately $138,000 worth of benefit, which includ-

ed the marital assets she received as well as her half of the discharged marital debt. This amount approximately equaled the value of the pension minus the marital debt given to appellee.

Furthermore, given the status of the parties, the trial court indicated that the ideal distribution would dispose of the property in a way to satisfy the parties' marital debt. Since appellant had been a housewife and caretaker for the children while appellee worked as a fireman, she had few marketable skills with which to gain a self-supporting income. Moreover, appellant is hampered by multiple physical ailments. By awarding appellee the larger asset and the outstanding marital debt, appellant is left debt-free. She can retain her current residence and will collect spousal support. Given the circumstances of the parties in this case, we find that the setoff employed by the trial court complied with the proper guidelines for equitable distribution as set out in *Hoyt*.

Assignment of Error No. 3

"The trial court abused its discretion in overruling Appellant's motion for a new trial pursuant to Civ.R. 59."

In her third assignment of error, appellant contends that the trial court abused its discretion in overruling her motion for a new trial pursuant to Civ.R. 59(A)(3) (accident or surprise which ordinary prudence could not have guarded against), and Civ.R. 59(A)(9) (error of law occurring at the trial and brought to the attention of the trial court by the party making the application). First, appellant contends that she was on prescribed medication which impaired her full participation and limited her testimonial capacity during the divorce hearing. However, after reviewing the transcript in this case, it is clear that appellant's answers at the hearing were lucid and responsive. We can find no evidence of incompetence.

Appellant also bases her claim for a new trial on the premise that counsel was surprised when the trial court found the property at 3742 Beeler Road to be separate property since appellant was not aware the status of the property was contested. We find no stipulation or agreement between the parties in the record concerning the marital status of the 3742 Beeler Road property. Since there was no stipulation, the nature of the property as marital or separate property was a fact to be demonstrated at trial. It was appellant's burden to adequately demonstrate by the evidence the marital nature of the property or risk an adverse finding.

Appellant now comes to this court with the deed to this property, which demonstrates both parties' ownership, as well as other evidence which allegedly substantiates the marital property claim, and seeks redress. We cannot ignore the untimely nature of appellant's request. The evidence appellant now proffers

was available at the time of the divorce hearing and could have been submitted at the trial level. It is unclear whether this information would have changed the outcome in the trial court. However, what is clear is that the predicament appellant now finds herself in is not the sort that Civ.R. 59(A)(3) or (9) is meant to address. Therefore, we overrule appellant's third assignment of error.

Assignment of Error No. 4

"It is reversible error for the trial judge after condusting [*sic*] an ex parte communication without notice to the adverse party to revise and change a court decision thereby creating an appearance of impropriety and, further, now for the appearance of justice, a new trial should be granted."

█ In her fourth assignment of error, appellant claims that the trial court acted improperly in amending a judgment entry without notifying appellant or otherwise giving appellant the opportunity to review any alteration. On September 6, 1995, the trial court filed an entry granting appellant a divorce and distributing the parties' property and debts. This entry constituted the final appealable order from which appellant sought this appeal on October 27, 1995. Three days after the filing of the notice of appeal, the trial court issued an amended judgment entry; however, recognizing that it lacked the authority to do so, the court vacated the amended entry in early November. Although the September 6, 1995 order was presented for appellant's review, appellant claims that the amended entry was not brought to her attention prior to being filed. As a result, appellant contends that the trial court showed bias and acted improperly, requiring a reversal of the September 6, 1995 order.

The flaw in appellant's argument is obvious. The actions taken by the trial court after appellant filed an appeal are irrelevant when determining whether error occurred with respect to the September 6, 1995 judgment entry presently being appealed. Not only is the amended entry outside this court's jurisdiction of review, but having been vacated, the entry is a legal nullity. We overrule appellant's fourth assignment of error.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and SHAW, JJ., concur.