Defendant-appellant, Pamela S. Werling, appeals from the Summit County Court of Common Pleas' judgment that entered a property division upon her divorce from plaintiff-appellee, Kenneth M. Goebel. We affirm in part and reverse in part.
Ms. Werling and Mr. Goebel were married on October 31, 1994. During their marriage, the couple resided at 164 Highgrove Boulevard in Akron. Mr. Goebel filed a complaint for a divorce in the Summit County Court of Common Pleas. On October 27, 1998, after conducting a hearing, the trial court granted the divorce and made a division of the property.
Ms. Werling timely appealed and has attempted to raise eight assignments of error. Although Ms. Werling presents eight assignments of error in the introductory portion of her brief, the remainder of her brief pertains to her arguments that the trial court erred with respect to the division of marital property as it relates to mortgage payments and improvements to Ms. Werling's house during the marriage and to the division of a collection of compact discs. Pursuant to App.R. 12(A)(2) and App.R. 16(A)(7), an appellant is required to present an argument with respect to each assignment of error. Because Ms. Werling has failed to separately outline each of her assignments of error, we will address the arguments as developed in the body of the brief.
 I.
Ms. Werling contends that the trial court abused its discretion when it determined the amount of marital equity in the Highland Boulevard home. Ms. Werling owned this residence prior to the marriage. Specifically, she has argued that no improvements were made to the home during the marriage and that she made all mortgage payments.
A trial court maintains broad discretion in dividing property in a domestic relations case. Berish v. Berish (1982), 69 Ohio St.2d 318,319. An abuse of discretion connotes an attitude by the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
According to R.C. 3105.171(A)(3)(a)(iii), marital property includes "* * * all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." The Supreme Court of Ohio has recently held that "[u]nder R.C.3105.171, an increase in the value of separate property due to either spouse's efforts is marital property." Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, syllabus. The reduction in a mortgage during a marriage is equivalent to a marital investment and is considered part of the marital equity. See Nine v. Nine (Mar. 1, 1995), Summit App. No. 16625, unreported, at 8-9.
In this case, the trial court's judgment entry included the following findings of facts:
 7b. [Ms. Werling] purchased the home in 1986 for $63,000. At the time of the marriage, the home had a value of $76,000 with a mortgage of approximately $56,000. At the time of the trial, the home had a fair market value of $86,000 and a mortgage of $44,887. After using the "Nine" formula, the Court determined the marital equity was $11,670. [Mr. Goebel's] share is $5,835.
* * *
 11. * * * The * * * issue was whether or not [Mr. Goebel] should receive equity from the appreciation of [Ms. Werling's] home where the parties lived during the marriage. [He] argued and the facts supported the fact that the home appreciated in value. He stated that the parties made some improvements. However, [Ms. Werling] argued this Court should not consider [Mr. Goebel's] contributions to the home because he made no mortgage payments. Pursuant to Middendorf v. Middedorf (1998), 82 Ohio St.3d 397, the Court would find that the appreciation of [Ms. Werling's] separate property was due to both spouse's [sic] efforts such as labor, money, and/or inkind contribution. According to Middendorf, contributions can be by either [Mr. Goebel] or [Ms. Werling], and in this case [Ms. Werling's] financial contributions did directly influence the increase in the value of the home.
This case is distinguishable from Cyrus v. Cyrus (Nov. 29, 1995), Lorain App. No. 95CA006040, unreported. In Cyrus, "there was no evidence [before the trial court] as to precisely when * * * improvements were made, what the improvements cost, specifically who paid for them, and whether the improvements resulted in any appreciation[.]" Id. at 7. The trial court did not consider evidence with respect to which party made mortgage payments. In the absence of such evidence, this court concluded that a trial court did not err when it determined that any appreciation that had occurred during the marriage was "passive income" and thus separate property pursuant to R.C. 3105.171(A)(6)(a)(iii). Cyrus, supra, at 7. In this case, however, the trial court considered the amount of mortgage reduction paid by the spouse who retained interest in the separate equity, Ms. Werling, but concluded that the appreciation in value was due to "both spouse's [sic] efforts such as labor, money, and/or inkind contribution." This determination does not amount to an abuse of discretion.
Ms. Werling's first assignment of error is overruled.
 II.
Ms. Werling has also argued that the trial court erred when it failed to designate a collection of compact discs acquired during the marriage as marital or separate property and to determine the value of the collection. She further contends that the trial court abused its discretion when it failed to order an inventory of the compact discs. Assuming, without deciding, that the trial court did not err when it refused to order an inventory, the trial court's failure to value or to designate the character of the compact discs was error.
This court has noted that "[p]ursuant to R.C. 3105.171(B), [a] trial court in a divorce proceeding must determine whether property is marital or separate and then equitably distribute that property." Shuman v. Shuman (Apr. 5, 1995), Summit App. No. 16836, unreported, at 4, citing Shapiro v. Shapiro (1992),83 Ohio App.3d 744, 747.
 In order for an appellate court to make a proper review of a trial court's property division, each asset must be assigned a value. * * * While the trial court has broad discretion to develop some means of value, it is not permitted to omit valuation altogether. * * * If the parties fail to present evidence of the property's value, the court is obligated to instruct them to do so. * * * When a trial court fails to classify all of the parties' property as either marital or separate and then fails to value that property in its findings, an appellate court cannot effectively review the accompanying entry.
(Citations omitted.) Shuman, supra, at 5.
At trial, Ms. Werling moved the trial court to order Mr. Goebel to conduct an inventory and submit it into evidence. She noted that in response to a discovery request, he submitted a list of ten to thirteen compact discs despite contradictory testimony estimating the collection at 15,000 and 1,500 compact discs. The trial court responded that it would not know what to do with an inventory unless an expert was utilized to discuss the value of the alleged items. In the judgment entry, the trial court ordered any compact discs that were acquired or purchased after the parties were married to be divided equally. The trial court did not designate the property as marital or separate property and did not establish a value for the property. Accordingly, the trial court erred by failing to issue appropriate findings with respect to the compact discs. Ms. Werling's second assignment of error is well taken.
Ms. Werling's first assignment of error is overruled. Her second assignment of error is sustained. The judgment of the trial court is affirmed in part and reversed in part. The cause is remanded to the trial court for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs equally taxed to both parties.
Exceptions.
___________________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR