OPINION
This appeal is brought by Defendant-Appellant Edith Kerchenfaut and Plaintiff-Cross- Appellant Stephan Kerchenfaut from a judgment of the Allen County Court of Common Pleas distributing the marital property of the parties. For the reasons set forth below we AFFIRM the judgment of the trial court.
Edith and Stephen Kerchenfaut were married for over 25 years. During their marriage they ran three businesses, a farm, purchased several tracts of land and inherited land and personality. Naturally, in the course of these endeavors the Kerchenfauts purchased equipment and made investments. In addition to their businesses, the Kerchenfauts collected antiques, glassware, pewter, dolls, and purchased artwork, the disposition of much of which is currently in dispute. Complicating things further, certain pieces of the collectibles and antiques in question at one time belonged to the Stephan's deceased mother, Mary Esther Kerchenfaut, who, in her last will and testament, bequeathed all of her household goods and tangible personal property to Stephan.
On December 6, 1999 the parties appeared before a Court Appointed Magistrate for a hearing on property division. Throughout what turned out to be a seven-day hearing the parties presented a sea of exhibits, mostly in the form of inventories, property lists, photographs of property, and receipts. In addition, both husband and wife proffered extensive testimony supporting the merits of their individual property claims. On May 9, 2000 the Magistrate published a lengthy decision in which she systematically and thoughtfully distributed the parties' property.
Not surprisingly, Stephan and Edith disagreed with portions of the disbursement and both parties filed objections with the trial court. The trial court reviewed the Magistrate's findings and on October 21, 2000 overruled most of the objections save for a few minor adjustments. The trial court entered its final Judgment Entry on December 29th, 2000 granting the Plaintiff's request for divorce and adopting the Magistrate's property distribution with the aforementioned changes. It is from this judgment that the Appellant and Cross-Appellant appeal.
Appellant raises the following assignments of error:
 I. The trial court abused its discretion when it overruled the Defendant/Appellant's objections to the Magistrate's decision to modify the award to Plaintiff regarding certain personal property and household goods.
 II. The trial court abused its discretion when it overruled the Defendant/Appellant's objection to the Magistrate's decision which applied the wrong standard of proof in regards to the nature of dolls, glassware and antiques as marital or non-marital property.
 III. The trial court abused its discretion when it overruled the Defendant/Appellant's objection to the Magistrate's decision which applied the wrong standard of proof in regards to the nature of the property sold through Heart of Ohio and Endless Endeavors
 IV. The trial court abused its discretion when it overruled the Defendant/Appellant's objection to the Magistrate's decision finding that Plaintiff had not abused and dissipated marital funds
Appellee/Cross-Appellant raises two additional assignments of error:
 V. The trial court abused its discretion when it overruled the Appellee/Cross- Appellant's objection to the Magistrates decision which applied incorrect values to the parties' "Chilmark" collection of pewter depictions.
 VI. The trial court abused its discretion when it failed to order that the "Chilmark" collection be sold at public Auction.
 First, Second Third Assignments of Error
In her first three assignments of error, Appellant asks this court to review the findings of the Magistrate, adopted by the trial court, characterizing certain property, located both in the marital home and in Stephan's private apartment, as separate property rather than marital property. The items of property in question are too numerous to list individually but include furniture, dolls, antiques, and glassware; most of which are alleged as having belonged to Stephan's mother prior her death in 1996.
Pursuant to R.C. 3105.171(B) the trial court must make a determination as to whether property is marital or separate. The Appellant argues that all property existing at the time of the divorce is to be considered marital property unless the party asserting otherwise shows by clear and convincing evidence. (Brief of Appellant, pg. 1) This is a misstatement of the law. Section 3105.171 (A)(6) of the Ohio Revised Code carves out seven scenarios in which property is presumed to be separate including; (1) any property that is found to be an inheritance by one spouse during the course of the marriage, (2) property acquired before the marriage, (3) passive income derived from separate property, (4) property acquired after a decree of legal separation, (5) property excluded by a valid antenuptual agreement, (6) compensation paid to a spouse for their own personal injury and (7) gifts of property to one spouse.
The Appellant argues that the Magistrate applied the wrong standard of proof when she determined that the pieces that formerly belonged to Stephan's mother were his separate property. While the law provides in § 3105.171(A)(6)(vii), that in order for a gift of property, made after the date of the marriage, to be considered separate property, it must be proven by clear and convincing evidence to have been given to only one spouse, (Emphasis added) there is no standard mandated for the other six scenarios.
However, the various Appellate Districts in Ohio have applied a similar standard of proof. The First and the Fourth Districts have held that "the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and that the characterization must be supported by sufficient, credible evidence." Kelly v. Kelly (1996),111 Ohio App.3d 641, 642 citing McCoy v. McCoy (1995), 105 Ohio App.3d 651,664 N.E.2d 1012. The Sixth District and the Twelfth District have both held that the party seeking to have a particular asset classified as separate property, rather than marital property, has the burden of proof, by a preponderance of the evidence. Okos v. Okos (2000),137 Ohio App.3d 563; citing Peck v. Peck (1994), 96 Ohio App.3d 731,734. The Sixth District has further held that "the initial determination by a trial court that an asset is separate or marital property a factual finding that will not be reversed unless it against the manifest weight of the evidence." Okos v. Okos (2000), 137 Ohio App.3d 563, citingBarkley v. Barkley (1997), 119 Ohio App.3d 155, 159.
This Court, in Mayer v. Mayer (1996), 110 Ohio App.3d 233, 673 N.E.2d 981
found that certain property was separate when the trier of fact, could have concluded from the evidence presented at the hearing that the Appellee received property as an advance inheritance. Therefore, following this precedent and the findings of other Ohio appellate districts, we find that the party seeking to have property declared separate will have the burden of proof by a preponderance of the evidence. Furthermore, a determination by the trier of fact that certain property is in fact separate will not be overturned unless it is against the manifest weight of the evidence. See Barkley v. Barkley (1997),119 Ohio App.3d 155, 159, 694 N.E.2d 989, 992.
In the instant case, the Appellant does not allege that any of the property at issue was given to the parties as a gift. Indeed she admits that the Appellee inherited the property from his mother. Therefore, the clear and convincing standard mandated by § 3105.171(A)(6)(vii) does not apply. Rather, the Appellee had the burden by preponderance of the evidence to show that the items of property located in his apartment and in the marital home were indeed his separate property as defined by § 3105.171(A)(6). This court will not reweigh the evidence introduced in a trial court; rather, we will uphold the findings of the trial court when the record contains some competent evidence to sustain the trial court's conclusions. Fletcher v. Fletcher (1994),68 Ohio St.3d 464 . The Magistrate based her factual findings on evidence presented in a seven-day hearing. She and she alone were best positioned to determine the credibility and sufficiency of the evidence. A review of the record reveals ample evidence to support a finding that the property, previously belonging to Edith Kerchenfaut, was Appellee's separate property. Accordingly, Appellant's first three assignments of error are overruled.
 Fourth Assignment of Error: Abuse of funds
Appellant presented evidence at the hearing that the Appellee purchased a helicopter which currently is worth less than its purchase price. The Magistrate, in her finding, declared the helicopter to be marital property and ordered it to be sold. Any loss incurred would be shared by the parties. Appellant argues that the Magistrate's decision was improper because the purchase of the helicopter was a poor investment decision on the part of the Appellee and therefore, financial misconduct.
R.C. 3105.171(C)(1) mandates that a trial court make an equal division of marital property unless the division would be inequitable. Moreover, "[i]f a spouse has engaged in financial misconduct, * * * the court may compensate the offended spouse with a distributive award or with a greater award of marital property." R.C. 3105.171(E)(3). As the inclusion of the term "may" in the statute indicates, the decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court. Huener v.Huener (1996), 110 Ohio App.3d 322, 326.
Here, the Magistrate did not find financial misconduct on the part of the Appellee much less the need to compensate the Appellant. We do not believe the financial misconduct anticipated by the statute includes poor business decisions but rather deceptive and intentional misuse of funds. As the Magistrate reasoned, "both parties benefited from the wise decisions and both have consequences from the not so wise decisions." (Magistrate's Decision, pg. 17) Thus, the trial court deferred to the Magistrate on this issue as do we. Accordingly, Appellant's fourth assignment of error is overruled.
 Fifth Sixth Assignments of Error: The "Chillmark" Collection
A trial court is vested with broad discretion when fashioning a division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609. Therefore, a trial court's determination in such cases will be upheld absent an abuse of discretion. Martin v. Martin (1985),18 Ohio St.3d 292. The Supreme Court has defined abuse of discretion as an unreasonable, arbitrary or unconscionable attitude. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Ross v. Ross (1980), 64 Ohio St.2d 203.
In his fifth assignment of error, Appellee/Cross-Appellant argues that the trial court abused its discretion by not overruling the Magistrate's valuation of the parties' "Chilmark" pewter collection. When determining the value of marital assets, the trial court has broad discretion in weighing the evidence of value presented. Singer v.Singer (May 3, 1996), Defiance App. No. 4-95-17, unreported. "Rigid rules to determine value cannot be established, as equity depends on the totality of the circumstances." Webb v. Webb (2000), Marion Cty. App. No. 9-98-66, unreported, citing Briganti v. Briganti (1994),9 Ohio St.3d 220, 221- 222.
The Appellee/Cross Appellant argues that Magistrate's valuation was incorrect because she did not have enough information to assess the value of the pieces. If this was the case, surely the Magistrate is not to blame. Each party had ample time and opportunity to present evidence as to the value of the collection. As it was, the parties presented a list of the collection and it's approximate value. Furthermore they both testified to what they paid for it. The Magistrate based her decision on this evidence presented at the hearing. The law does not require the Magistrate to initiate an independent valuation of property that the parties have inadequately appraised and the fact that the Magistrate relied on evidence presented to her does not amount to abuse of discretion. The fifth assignment of error is overruled.
Finally, in his sixth assignment of error Appellee/Cross-Appellant argues that the court should have ordered the portion of the pewter that was determined to be marital property sold at public auction. Appellee/Cross-Appellant claims that this was the parties' expectation. If the parties wanted the Chilmark collection to be sold at public auction they should have come to such an agreement and stipulated as much to the court. The Magistrate and the Trial Court considered several such agreements made by the parties. Apparently, the parties could not agree on the matter for it was before the Magistrate to decide. Again, there was no abuse of discretion in the Magistrate's decision to award the collection to the Appellee/Cross Appellant. Accordingly, the sixth assignment of error is overruled.
The judgment of the Allen County Court of Common Pleas is therefore,AFFIRMED.
HADLEY and SHAW, JJ., concur.