OPINION
{¶ 1} Plaintiff-Appellant, Sandra K. Reese, appeals a judgment of the Union County Court of Common Pleas, granting Sandra's petition for a divorce from Defendant-Appellee, Gary Lee Reese, and dividing their property among them. Sandra maintains the trial court wrongfully determined that $13,978.29 located in a Farmer's State Bank ("Farmer's") account was Gary's separate property. She also maintains the trial court's finding that she was in contempt of a restraining order was unconscionable. After reviewing the entire record, we do not find that the trial court abused its discretion in finding Sandra to be in contempt. However, the trial court's finding that the $13,978.29 from the Farmer's account was Gary's separate property was not supported by competent and credible evidence. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
 {¶ 2} Sandra and Gary were married on July 7, 2000. Nine months later, Gary retired from the Union County Memorial Hospital, where he had worked for the previous thirty years. In August of 2002, the parties separated. Subsequently, Sandra filed a complaint for a divorce, and a restraining order was put in place enjoining both Sandra and Gary from removing any property from the marital residence.
 {¶ 3} Around the same time that she filed for the divorce, Sandra also began taking money out of various joint bank accounts, including the Farmer's account. Sandra initially removed $14,000.00 from the Farmer's account, but returned $7,000.00 of that to Gary. Sandra also removed various items of furniture and household goods from the couple's marital home, even after the restraining order prohibiting her from doing so was filed. Some of the items that Sandra removed were returned to the marital residence or placed under the supervision of the court, but she retained many of the items.
 {¶ 4} In March of 2003, the complaint for a divorce was brought before a Union County magistrate. As part of its division of property, the magistrate found that all but $358.41 of the $14,336.70 originally located in the Farmer's account was Gary's separate property. The magistrate also found that Sandra had violated the restraining order by removing property from the marital residence and held her in contempt. Because of the contempt charge, Sandra was sentenced to three days in jail, but the trial court gave her a chance to purge herself of the charge if she paid $292.00, representing the legal fees Gary incurred in bringing the motion for contempt, to Gary within 30 days of the filing of the final entry.
 {¶ 5} Thereafter, Sandra filed objections to the magistrate's decision with the Union County Court of Common Pleas. In September of 2003, the trial court ruled on Sandra's objections, overruling all but one.[1] Sandra then appealed the judgment of the trial court to this court. In Reese v. Reese,
3rd Dist. No. 14-03-42, 2004-Ohio-1395, we reversed the trial court's judgment and remanded the cause for the trial court to conduct an independent review of the magistrate's opinion. In March of 2004, the trial court filed a journal entry certifying that it had conducted an independent review of the magistrate's decision and adopting its previous journal entry. From this judgment Sandra appeals, presenting the following assignments of error for our review.
 Assignment of Error I The trial court erred in adopting the decision of themagistrate that the joint savings account of the parties locatedat the Farmer's State Bank was the separate property ofDefendant-Husband, and requiring the wife to repay the husbandsix thousand six hundred forty-one and 59/100 ($6,641.59) dollarswithin seven (7) days from the filing of the final entry.
 Assignment of Error II The trial court erred in adopting the decision of themagistrate finding the plaintiff in contempt for removingpersonal property from the marital residence in order to meet herliving needs, and sentencing her to serve three (3) days injail.
 Assignment of Error I {¶ 6} In her first assignment of error, Sandra contends that the trial court erred in finding that the funds in the Farmer's account were Gary's separate property. She claims that Gary failed to meet his burden of tracing the funds in this account to non-marital assets.
 {¶ 7} In divorce proceedings, the trial court is required to make a determination as to whether property is marital or separate. R.C. 3105.171(B). Separate property does not lose its status as such merely by becoming commingled with marital property, unless the separate property is not traceable. R.C.3105.171(A)(6)(b). The party seeking to have an asset characterized as separate property has the burden of tracing the asset to a non-marital source by a preponderance of the evidence. Peck v. Peck (1994), 96 Ohio App.3d 731, 734.
 {¶ 8} Normally, an appellate court will review a trial court's division of property in divorce proceedings under an abuse of discretion standard. Bechara v. Essad, 7th Dist. No. 03 MA 34, 2004-Ohio-3042, at ¶ 82, citing Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 353. However, the characterization of property as marital or separate under R.C. 3105.171 is not discretionary; rather, it is a mixed question of law and fact.Bechara at ¶ 82 (citations omitted.) The trial court's determination that property is either marital or separate will not be overturned unless that determination is against the manifest weight of the evidence. Ardrey v. Ardrey, 3rd Dist. No. 14-03-41, 2004-Ohio-2471, at ¶ 8, citing Kerchenfaut v.Kerchenfaut (2001), 3rd Dist. No. 1-01-14, unreported. Accordingly, the trial court's determination will be upheld if it is supported by some competent and credible evidence. Ardrey at ¶ 9, citing Kerchenfaut; Fletcher v. Fletcher (1994),68 Ohio St.3d 464, 468. In determining whether there is some competent and credible evidence "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony."Ardrey at ¶ 9, quoting Barkley v. Barkley (1997),119 Ohio App.3d 155, 159, citing In re Jane Doe I (1991),57 Ohio St.3d 135.
 {¶ 9} Separate property includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage * * *." R.C. 3105.171(A)(6)(a)(ii). Herein, Gary testified that he had received the funds in the Farmer's account as compensation for vacation, sick, and personal time he had accrued while working at Memorial Hospital. Sandra also testified that the Farmer's account was funded from this source. Because Gary had only been employed for nine months of his marriage to Sandra, the trial court found that Gary had acquired an interest in the majority of the funds prior to the marriage.
 {¶ 10} On appeal, Sandra attempts to argue that there was evidence the Farmer's account included not only funds from Gary's accrued compensation, but also additional funds that were marital in nature. Thus, she contends that Gary's separate property became commingled with the couple's marital property and that the entire Farmer's account became marital property. The record fails to support Sandra's interpretation of the evidence.
 {¶ 11} There was testimony that Sandra believed some of her personal paychecks may have been deposited into the Farmer's account. However, she also testified that the couple had several bank accounts and that she had never personally deposited any money into any of the accounts. Sandra could not testify into which accounts any of the marital funds had been deposited. To the contrary, Gary was able to testify that he had deposited Sandra's paychecks into an alternate account and that he had used his accrued vacation, sick, and personal pay to fund the Farmer's account.
 {¶ 12} Sandra also testified that several thousand dollars remained in the Farmer's account after she withdrew the $14,000.00. She claims that this indicates that more than just the $14,336.70 Gary earned from the accrued compensation was placed into the account. But Gary testified on direct examination that only a few hundred dollars remained in the account after Sandra withdrew the $14,000.00. As discussed above, it is the province of the trial court to determine the credibility of a witness' statement. Gary's testimony clearly supports the trial court's finding that the Farmer's account was funded solely by the accrued compensation.
 {¶ 13} Accordingly, there was some competent and credible evidence to support the trial court's finding that the Farmer's account was funded solely by Gary's accrued vacation, sick, and personal time. There was also competent and credible evidence to support the finding that Gary had acquired an interest in at least a portion of the accrued compensation prior to the marriage. However, there was no competent and credible evidence supporting the trial court's determination that only $358.41 of the Farmer's account was marital property.
 {¶ 14} In determining what portion of the vacation, sick, and personal time accrued prior to the marriage, the trial court took into consideration the fact that Gary had worked for Memorial Hospital for thirty years, which is three hundred and sixty months. The trial court then divided the nine months of marriage by the three hundred and sixty Gary had worked at Memorial Hospital and got 2.5%. Thus, the trial court reasoned that Sandra was entitled to 2.5% of the $14,336.70, or $358.41. Consequently, the trial court ordered Sandra to repay $6,641.59 of the $7,000.00 she had kept from the Farmer's account.
 {¶ 15} The record does not support the trial court's usage of Gary's entire thirty year career as the basis for its calculations. Gary testified during direct examination that the vacation, sick, and personal time had been accruing only over the past three years. Therefore, a much greater percentage of the funds had accrued during the nine months the couple had been married. Using the trial court's formula, it appears that the compensation accrued over a matter of 36 months. Because the couple was only married for nine of these months, their marriage represents 25% of the time the compensation was accruing. This would result in $3,584.18 of the funds in the Farmer's account being marital property.
 {¶ 16} We would also note that the trial court erred in awarding all of the funds it found to be marital to Sandra. Even under the standard employed by the trial court, Sandra was not entitled to the entire 2.5%. That merely represented the percentage of the Farmer's account that was martial property. Unless the trial court finds that such a division would be inequitable, Sandra is only entitled to receive half of the marital portion of the Farmer's account. R.C. 3105.171 (C)(1).
 {¶ 17} Based on our review of the record, we find that there was competent and credible evidence to support the trial court's finding that the Farmer's account was funded solely from funds accrued by Gary during the course of his employment. However, we also find that there is not competent and credible evidence supporting the trial court's finding that only $358.41 of the account was marital property. The trial court should reconsider the issue of how long Gary has been accruing an interest in the funds located in the Farmer's account and determine what percentage of the funds is marital property and then divide that portion of the funds equitably among the parties. Accordingly, Sandra's first assignment of error is sustained and the decision of the trial court is reversed.
 Assignment of Error II {¶ 18} In her second assignment of error, Sandra contends that the trial court erred by holding her in contempt of the restraining order. She claims that it was unconscionable for the court to do so.
 {¶ 19} When reviewing a trial court's finding of contempt, appellate courts apply an abuse of discretion standard. State exRel. Montgomery v. Kirby's Tire Recycling, Inc., 3rd Dist. No. 16-01-15, 2002-Ohio-4405, at ¶ 10, citing Whitman v.Whitman-Norton (Nov. 20, 2000), 3rd Dist. No. 5-2000-10, unreported, citing State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11. An abuse of discretion implies that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 20} The restraining order issued in this case forbid either party from removing any items from the marital home. Sandra admits that she "technically" violated the restraining order by removing various items from the marital home and never returning them. However, she claims that she took the items from the home in order to sustain herself. She contends that she had to choose between either violating the restraining order or starving. Therefore, she argues, it was unconscionable for the trial court to hold her in contempt for violating the restraining order.
 {¶ 21} Nowhere in the record is there any proof that Sandra was in fact faced with such dire consequences that she had to choose between starvation and violating the restraining order. Additionally, the restraining order specifically stated that the parties could remove items from the home with the permission of the court. Sandra made no petition to the court for permission to remove items from the home prior to violating the restraining order. If she was faced with such dire consequences as she claims, she should have sought the court's permission to remove various items necessary to her survival. Further, by her own admission, she had appropriated several thousand dollars from the parties various bank accounts with which she could have used to support herself, thereby avoiding "starvation."
 {¶ 22} Because the record does not reflect an abuse of discretion on the part of the trial court, we overrule Sandra's second assignment of error.
 {¶ 23} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Shaw, P.J., and Cupp, J., concur.
[1] The objection that the trial court sustained is not pertinent to this appeal.