I concur with the opinion of the majority that suppression based solely upon non-compliance with R.C. 2935.12 and2933.231(B)(2) was inappropriate. However, I would remand for a further hearing to allow the trial court to make the factual determination concerning whether exigent circumstances existed which rendered a no-knock search permissible in this case.
 {¶ 18} It is well settled that the issue of credibility of the witnesses is a matter to be determined by the trial court and not by the reviewing court. Ardrey v. Ardrey, 3rd Dist. No. 14-03-41, 2004-Ohio-2471, at ¶ 17, citing State v. DeHass
(1967), 10 Ohio St.2d 230, at paragraph one of the syllabus;State v. Parks, 3rd Dist. No. 15-03-16, 2004-Ohio-4023, at ¶ 13, citing State v. Twitty,, 2nd Dist. No. 18749, 2002-Ohio-5595, at ¶ 114. The majority herein has taken upon itself the responsibility of making the determinative finding of fact that exigent circumstances existed in this case. One cannot make such a finding of fact without considering the credibility of the witnesses. It appears to me that the majority has accepted, without question, the credibility of the State's witnesses. I would remand to allow the trial court, based upon the weighing of the credibility of the witnesses, to make the appropriate findings.
 {¶ 19} Furthermore, I note that the affidavit requesting the issuance of a search warrant contained the following:
Affiant has good cause to believe and does believe that thereis a risk of serious physical harm to the law enforcementofficers or other authorized individuals who will execute thewarrant if they are required to comply with the statutoryprecondition for nonconsensual entry;
 Affiant verifies that the address of the dwelling house orother building proposed to be searched is the correct address inrelation to the criminal offense or other violation of lawunderlying the request for the issuance of the search warrant;
 The facts upon which Affiant's belief is based, including butnot limited to, the names of all known persons who Affiantbelieves pose a risk of serious physical harm to the lawenforcement officers or other authorized individuals who willexecute the warrant at the particular dwelling house or otherbuilding are as follows:
 {¶ 20} Conspicuous by its absence is the listing of names. The fact that something is missing is so obvious it should not need comment.
 {¶ 21} The issuing magistrate's failure to note the omission of the information required by R.C. 2933.231 and failure to require that said information be supplied prior to granting the request for a nonconsensual search suggests that said magistrate may have abandoned his responsibility and failed to act as an impartial magistrate. If the magistrate gave so little consideration to one issue, he may well have given no more serious consideration to any other issue.
 {¶ 22} The language used in this request for a search warrant appears to be "boiler plate" as evidenced by the continued reference to some "other building." Does the State contend that every search warrant should be by forced entry? They probably will if they believe the request will not be denied by the issuing magistrate even though statutorily required information is not included.
 {¶ 23} Fortunately, in this case, there was sufficient information contained in the affidavit to justify the issuance of the search warrant. The real question then became whether exigent circumstances existed, and the majority of this court has supplied that finding. Again, I would remand that issue for the trial court to determine.
 {¶ 24} Finally, because of the majority's additional finding that "the State demonstrated the existence of circumstances that justified deviating from the mandate of R.C. 2935.12," I would agree that the issue of whether the executing officers acted in good faith reliance on the search warrant is rendered moot. However, I would suggest that the failure of a reasonably well trained police officer to comply with the requirements of a state statute is prima facie evidence that he or she did not act in good faith.
 {¶ 25} Based on the above, I respectfully concur with the majority in judgment only.