OPINION
{¶ 1} Defendant-Appellant, Richard A. Powell, appeals a judgment of the Allen County Municipal Court, convicting him of domestic violence. Powell asserts that his conviction was against the manifest weight of the evidence. After reviewing the entire record before us, we find that the trial court did not clearly lose its way and create such a manifest miscarriage of justice that Powell's conviction must be reversed and a new trial ordered. Accordingly, Powell's assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 2} On May 9, 2004, Powell and his wife, Janice Bolden, were drinking alcohol in their home and became involved in a domestic dispute. An unidentified person reported the dispute to the police, and Lima City Police Officer Trent Kunkleman was dispatched to the scene.
 {¶ 3} Upon arriving at Powell's and Bolden's residence, Officer Kunkleman found Bolden crying and in a hysterical state. Additionally, Officer Kunkleman noticed that Bolden was bleeding from the mouth. Bolden told Officer Kunkleman that Powell had struck her and caused the bleeding. Consequently, Powell was arrested and charged with domestic violence in violation of R.C.2919.25(A).
 {¶ 4} At trial, Bolden testified that she had been involved in a domestic dispute with Powell on the night in question. She also testified that they had been drinking alcohol prior to the dispute, but she was unable to recall any other details of that night. Officer Kunkleman testified that he had personally observed Bolden's wounds. He stated that her injuries were consistent with some sort of blow to the face. He also testified that Bolden had informed him that Powell had caused the wounds by hitting her. Bolden's statements were entered into evidence under the excited utterance exception to the general hearsay exclusion.[1] See, Evid.R. 803(2). After the State's case-in-chief, Powell took the stand in his own defense and testified that he had never hit Bolden. He claimed that he had not even noticed that Bolden was bleeding from her mouth prior to Officer Kunkleman arriving and gave no explanation for Bolden's injuries.
 {¶ 5} After considering all of the above evidence, the trial court found that the State had proven all of the elements of domestic violence beyond a reasonable doubt. The trial court specifically found that Powell's testimony was not credible. Accordingly, Powell was convicted and sentenced to one hundred and eighty days in jail with credit for eighteen days served. From this judgment of conviction and sentence Powell appeals, presenting one assignment of error for our review.
 Assignment of Error The trial court's conviction of defendant for domesticviolence was against the manifest weight of the evidence when itfound defendant guilty of domestic violence.
 {¶ 6} In his sole assignment of error, Powell maintains that his conviction was against the manifest weight of the evidence. He contends that the manifest weight of the evidence proves that he did not physically strike Bolden and cause her physical harm.
 {¶ 7} When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus, quoting State v. Martin (1983),20 Ohio App.3d 172,175. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.
 {¶ 8} R.C. 2919.25(A) prohibits any person from knowingly causing or attempting "to cause physical harm to a family or household member." It is undisputed that Powell and Bolden were family or household members. What Powell does dispute is that the evidence proved that he caused Bolden physical harm.
 {¶ 9} The evidence presented by the State during its case-in-chief established that Powell and Bolden had been in an argument on the night in question. It also established that Powell and Bolden had been drinking prior to the argument and that Bolden did suffer physical injury to her person. Furthermore, the testimony of Officer Kunkleman established that Bolden had admitted to him that Powell had hit her and caused her injuries.
 {¶ 10} Bolden's trial testimony was inconclusive as far as proving whether Powell had hit her. She was unable to recall anything from that night other than the fact that she and Powell had been drinking and were involved in an argument. Bolden was unable to either deny or confirm that Powell had hit her.
 {¶ 11} The only evidence presented at trial that Powell had not struck Bolden was Powell's own testimony. Powell testified that he had not even noticed the cut on Bolden's lip until Officer Kunkleman arrived. The trial court considered Powell's testimony and found it to be unreliable. In ruling on the credibility of Powell's testimony, the trial court stated that "to totally deny not being able to see it [Bolden's cut] just frankly is beyond belief and also means that I discount the rest of his testimony." (Trial Transcript page 22, lines 3-6.)
 {¶ 12} Powell challenges the trial court's judgment that Officer Kunkleman's testimony was credible and that Powell's was not. The credibility of witnesses is primarily an issue for the trier of fact. Ardrey v. Ardrey, 3rd Dist. No. 14-03-41, 2004-Ohio-2471, at ¶ 17, citing State v. DeHass (1967),10 Ohio St.2d 230, at paragraph one of the syllabus. Accordingly, this Court must afford the decision of the trier of fact concerning such credibility issues the appropriate deference. Id. We will not substitute our judgment for that of the trier of fact on the issue of witness credibility unless it is patently clear that the fact finder lost its way. State v. Parks, 3rd Dist. No. 15-03-16, 2004-Ohio-4023, at ¶ 13, citing State v. Twitty, 2nd Dist. No. 18749, 2002-Ohio-5595, at ¶ 114.
 {¶ 13} Looking at the evidence in the record before us, we do not find that the trial court clearly lost its way by discounting Powell's testimony. The trial court was in the best position to personally evaluate Powell's mannerisms and demeanor during his testimony. Furthermore, Powell was unable to fully explain why Bolden had physical injury, and his testimony that he had not noticed her injury seems dubious. Accordingly, the trial court did not err in finding Powell's testimony to be unreliable, and the trial court's judgment was not against the manifest weight of the evidence.
 {¶ 14} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp and Bryant, J.J., concur.
[1] Powell did not object to the introduction of Bolden's comments under the excited utterance hearsay exception, either at trial or on appeal. Therefore, we will not address this issue and will assume that Bolden's statements were properly entered into evidence.