OPINION
{¶ 1} Defendant-Appellant, Danny R. Himes, appeals a judgment of the Hancock County Court of Common Pleas convicting him of trafficking in drugs. Himes maintains that the trial court failed to properly follow the felony sentencing guidelines established in the Ohio Revised Code by sentencing him to more than the minimum required sentence. A review of the record reveals that the trial court properly followed the procedures established in the felony sentencing guidelines. Accordingly, we affirm the decision of the trial court.
 {¶ 2} In November of 2002, Himes was asked by a confidential informant to purchase a quantity of the street drug known as ecstasy. Himes agreed to facilitate the informant's purchase and traveled with the informant to another apartment complex to purchase the ecstasy. The informant provided Himes with $980.00 in exchange for 70 tablets of ecstasy.
 {¶ 3} Subsequently, Himes was arrested and charged with trafficking in drugs in violation of R.C. 2925.03(A). Pursuant to a negotiated plea agreement, Himes pled guilty to the trafficking charge and the state agreed to offer no recommendation at the sentencing hearing. The trial court accepted Himes' guilty plea and ordered a presentence investigation. At the sentencing hearing, the trial court sentenced Himes to four years of incarceration. From this conviction and sentence Himes appeals, presenting one assignment of error for our review.
 Assignment of Error I The trial court erred by imposing more than the minimumsentence upon the Appellant, who had not previously served aprison term, when it applied statutorily enumerated factors in amanner contrary to law. R.C. § 2929.12(B-E); 2929.14(B);2953.08(G)(2).
 {¶ 4} In his sole assignment of error, Himes contends that the trial court failed to correctly follow the felony sentencing guidelines established in the Ohio Revised code. Specifically, he claims that the trial court erred by imposing more than the minimum sentence.
 {¶ 5} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04,2929.11, 2929.12, 2929.13, and 2929.14, determines a particular sentence. State v. Martin (1999), 136 Ohio App.3d 355, 362. Compliance with the aforementioned sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate the particular reasons for making those findings on the record.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraphs one and two of the syllabus.
 {¶ 6} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G); see, also, Martin, 136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954),161 Ohio St. 469. It requires more evidence then does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones
(2001), 93 Ohio St.3d 391, 400.
 {¶ 7} R.C. 2929.11 states that the overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. In determining how to achieve these purposes, the trial court must consider the nonexclusive list of seriousness and recidivism factors enumerated in R.C. 2929.12. Trial courts should be given significant discretion in applying these and other statutory factors. State v. Yirga (June 4, 2002), 3rd Dist. No. 16-01-24, unreported, citing State v.Arnett (2000), 88 Ohio St.3d 208, 215, citing State v. Fox
(1994), 69 Ohio St.3d 183, 193; State v. Mills (1992),62 Ohio St.3d 357, 376.
 {¶ 8} Himes was convicted of violating R.C. 2925.03(A). The quantity of drugs involved in Himes' conviction raised his violation to a second degree felony. R.C. 2925.03(C)(1)(d). A second degree felony may be punished by a prison term of two, three, four, five, six, seven, or eight years. R.C.2929.14(A)(2). Additionally, a conviction for a felony drug offense under any provision of Chapter 2925 carries a presumption that incarceration is proper. R.C. 2929.13(D). If a court does elect to impose a prison term, it must impose the shortest term mandated unless one or more of the following applies:
(1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by theoffender or others. R.C. 2929.14(B)(2).
 {¶ 9} In this case the trial judge stated on the record at the sentencing hearing that he had considered the appropriate statutory factors, including the seriousness and recidivism factors of R.C. 2929.12. The trial court found that while Himes had not committed the worst form of the offense, there was a great likelihood that he would reoffend. Therefore, the trial court concluded that more than the minimum sentence was suitable. This is an appropriate finding under R.C. 2929.14(B)(2), which only requires a finding that that minimum prison term "will not adequately protect the public from future crime by the offender."
 {¶ 10} Himes maintains that the trial court wrongfully applied the recidivism likely factors of R.C. 2929.12(D), which states:
(D) The sentencing court shall consider all of the followingthat apply regarding the offender, and any other relevantfactors, as factors indicating that the offender is likely tocommit future crimes:
 (1) At the time of committing the offense, the offender wasunder release from confinement before trial or sentencing, undera sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or under post-release controlpursuant to section 2967.28 or any other provision of the RevisedCode for an earlier offense or had been unfavorably terminatedfrom post-release control for a prior offense pursuant todivision (B) of section 2967.16 or section 2929.141 of theRevised Code.
 (2) The offender previously was adjudicated a delinquent childpursuant to Chapter 2151. of the Revised Code prior to January 1,2002, or pursuant to Chapter 2152. of the Revised Code, or theoffender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactorydegree after previously being adjudicated a delinquent childpursuant to Chapter 2151. of the Revised Code prior to January 1,2002, or pursuant to Chapter 2152. of the Revised Code, or theoffender has not responded favorably to sanctions previouslyimposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcoholabuse that is related to the offense, and the offender refuses toacknowledge that the offender has demonstrated that pattern, orthe offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 {¶ 11} Himes asserts that it was error for the trial court to find that his crime was related to his history of drug and alcohol abuse as stated in recidivism likely factor number four. He claims that because he did not receive any money or drugs in exchange for the purchase of the ecstasy, that the purchase is not related to his drug and alcohol abuse. We disagree.
 {¶ 12} It is clear from the record and Himes' own brief that he has demonstrated a pattern of drug and alcohol abuse. Indeed, Himes tested positive for marijuana use the day of his sentencing hearing. Furthermore, it was this history of drug and alcohol abuse that allowed Himes to facilitate the drug purchase. He knew where to buy the drugs, how much they would cost, and even advised the confidential informant of the street value of the drugs. It was this very history of drug and alcohol abuse that allowed Himes to be in the position to make this purchase. The record also reflects that Himes has refused to ever acknowledge this problem or accept treatment. Accordingly, we find that it was proper for the trial court to find that Himes was likely to recidivate based upon factor number four.
 {¶ 13} Furthermore, the trial court based its finding that Himes was likely to recidivate on more than just factor number four. The trial court also considered Himes' past convictions and the effectiveness of prior criminal sanctions. These issues correspond with "recidivism likely" factors number two and number three. Himes had numerous prior convictions, both as a juvenile and as an adult. The trial court found that Himes' lengthy criminal record and his continued drug abuse demonstrated that he had not successfully responded to criminal sanctions in the past. This finding is supported by the record, and the trial court could have properly relied upon it in determining that Himes was likely to recidivate.
 {¶ 14} Based on the above, we find that the trial court properly considered all of the required statutory factors in imposing more than the minimum sentence upon Himes. Therefore, we overrule Himes' sole assignment of error and affirm the decision of the trial court.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp and Bryant, JJ., concur.