OPINION
{¶ 1} Defendant-appellant, Stevhan Ryane (hereinafter referred to as "Ryane"), appeals the March 19, 2004 judgment of the Common Pleas Court of Auglaize County sentencing him to sixteen and one-half (16½) years in prison.
 {¶ 2} In June 2003, allegations of domestic violence arose between Ryane and his minor daughter, Kimberly Ryane ("Kimberly"). As a result, Children's Services Agency ("CSA") began a non-emergency review of Kimberly's well-being. As part of its review, CSA interviewed Kimberly and her mother. During their interviews, Kimberly and her mother alleged that on or about June 2002, Ryane began sexually abusing the then eleven (11) year-old Kimberly and that the sexual abuse continued for approximately one year. Kimberly and her mother specifically reported that Ryane fondled Kimberly, forced Kimberly to perform acts of oral sex on him, performed oral sex on Kimberly, and subjected Kimberly to other disturbing acts.
 {¶ 3} Following the CSA's initial review, the matter was referred to the Wapakoneta Police Department for further investigation. Subsequently, Ryane was jointly interviewed by both the Wapakoneta Police and the CSA. During the course of the interview, Ryane continually denied all allegations of sexual abuse.
 {¶ 4} Following the investigation, the Auglaize County Grand Jury indicted Ryane with one count of attempted rape (R.C. 2923.02(A) and2907.02(A)(2)), one count of attempted sexual battery (R.C. 2923.02(A) and 2907.03(A)(5)), three (3) counts of rape (R.C. 2907.02(A)(2)), and three (3) counts of sexual battery (R.C. 2907.03(A)(5)).
 {¶ 5} After initially pleading not guilty to the charges, Ryane entered into a plea agreement with the state in which he pleaded guilty to one count of Attempted Sexual Battery, in violation of R.C. 2923.02(A) and 2907.03(A)(5), a felony of the fourth degree, and (3) three counts of Sexual Battery in violation of R.C. 2923.07(A)(5), felonies of the third degree. In exchange, the state dismissed the four remaining counts originally charged against Ryane in the indictment.
 {¶ 6} On March 19, 2004, the trial court held a "sexual classification" hearing and found Ryane to be a "sexual predator" (see R.C. 2950.09). The trial court then proceeded to sentence Ryane to the maximum terms of imprisonment for each offense, i.e., eighteen months for the one count of attempted sexual battery and five years for each of the three counts of sexual battery. The trial court further ordered that the sentences were to be served consecutively, resulting in an aggregate sentence of sixteen and one-half years in prison.
 {¶ 7} It from this judgment and order of sentence that Ryane now appeals and raises the following assignments of error our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed prejudicial error when it failed to properlyfollow the sentencing criteria set forth in Ohio Revised Code Section2929.14 resulting in the defendant-appellant receiving a sentence whichis contrary to law.
 ASSIGNMENT OF ERROR NO. II The trial court's ordering that the sentences of defendant-appellantare to be served consecutively to each other was unsupported by therecord and was contrary to the law.
 {¶ 8} In these assignments of error, Ryane maintains that the trial court's imposition of maximum, consecutive sentences is not commensurate with the offenses for which Ryane was convicted. If on appeal, an appellant establishes by clear and convincing evidence that the record does not support a sentencing court's required findings, or that a sentence is otherwise contrary to law, R.C. 2953.08(G)(1) and (2) authorizes the appellate court to increase, reduce, or otherwise modify a criminal sentence, or to vacate the sentence and remand the matter to the trial court for re-sentencing. A sentence imposed by a trial court, therefore, will not be disturbed absent a showing by clear and convincing evidence that the trial court's sentence is contrary to law. R.C.2953.08(G).
 {¶ 9} Before a trial court may impose a maximum prison sentence authorized by R.C. 2929.14(A),[1] or order service of consecutive sentences, it must first make certain statutory findings[2] and must give its reasons for doing so on the record.[3]
 {¶ 10} Specifically, R.C. 2929.14(C) provides, for example, that if the trial court determines that the offender "committed the worst form of the offense," it may sentence the offender to the corresponding maximum term of imprisonment authorized by R.C. 2929.14(A). Likewise, R.C.2929.14(E)(4) provides that when a defendant is convicted of multiple criminal offenses, as is the case herein, the sentencing court is to impose concurrent sentences unless it finds each of the following: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of three factors provided by R.C. 2929.14(E)(4) (a-c) is applicable to the case at bar.
 {¶ 11} However, in addition, and pertinent to this appeal, in order for a trial court to make the above listed findings, it is required to consider the non-exclusive list of "seriousness" and "recidivism" factors located in R.C. 2929.12(B) through (E). See R.C. 2929.12(A); State v.Himes, 3rd Dist. No. 5-04-04, 2004-Ohio-4009, at ¶ 7; State v. Watkins,
3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 17. In so doing, we note that a trial court should be given significant discretion in applying these statutory factors.[4]
 {¶ 12} In the case sub judice, Ryane concedes that the trial court made the applicable findings and gave its reasons for making said findings on the record at the sentencing hearing. Ryane, however, maintains that the record herein does not support the court's findings that his conduct was "more serious than conduct normally constituting the offense[s]" or that he is "likely to commit future crimes." See R.C.2929.12(B) and (D), respectively. It is this basis upon which Ryane asserts that the trial court's imposition of maximum, consecutive sentences was contrary to law. For the reasons that follow, we overrule Ryane's assignments of error and affirm the judgment of the trial court.
 {¶ 13} The transcript from Ryan's sentencing hearing makes evident that the trial court considered and applied the seriousness and recidivism factors listed in R.C. 2929.12(B) through (E), and. in so doing, expressly found the following:
. . . the physical and mental injury suffered by this victim has beenexacerbated by both her physical and mental condition and her age. Thatthe victim suffered serious psychological harm as a result of theseoffenses. * * * The victim did not induce nor facilitate the offense. Thedefendant did not act under strong provocation. He knew, or expected toknow, that his acts would cause harm to the victim.
 There are no substantial grounds to mitigate the conduct of thisoffender. The conduct is more serious than conduct normally constitutingthe offense and amounts to one of the most serious or worse forms of theoffense. The defendant has [an extensive criminal] history * * *. Thedefendant has not responded favorably to sanctions previously imposed forcriminal convictions. The defendant shows no remorse for his actions. Thelikely to re-offend factors outweigh those opposed to it. The Courtfinding that the offense was committed under circumstances likely torecur * * *
 {¶ 14} Based upon these findings, the trial court then went on to sentence appellant to maximum, consecutive sentences for each offense. In addition the trial court stated:
I know I'm supposed to put my reasons for sentencing the defendant onthe record in addition to addressing the factors that the Court hasaddressed under the statute, but how do you in a few words, put theatrocities that this man has done in terms of this young girl on therecord? He did everything he could do to dehumanize his victim * * * tointimidate the victim * * * to make her numb from the impact of what hewas doing to her. So the Court adopts by reference all of the exhibits ofthis case, hoping that any reviewing court wanting to know the reasonssimply read them. The exhibits are marked and admitted, because thosereasons speak mountains.
 {¶ 15} We find that the record overwhelmingly supports the trial court's findings. Given the facts of this case, including Ryane's extensive previous criminal history, the relationship between him and the victim, the victim's age, and the repugnant sexual conduct Ryane forced upon the victim, we find that the trial court's imposition of maximum, consecutive sentences is clearly and convincingly supported by the record and that the sentence is not otherwise contrary to law.
 {¶ 16} Accordingly, both of Ryane's assignments of error are hereby overruled.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Rogers, JJ., concur.
[1] In the case sub judice, Ryane was convicted of three counts of sexual battery and one count of attempted sexual battery, felonies of the third and fourth degrees, respectively. R.C. 2929.14(A)(3) provides that a trial court may sentence a defendant who has been convicted of a felony of the third degree to one, two, three, four, or five years in prison for each third degree felony offense. Similarly, R.C. 2929.14(A)(4), provides that a trial court may sentence a fourth-degree felony offender to six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months in prison.
[2] See R.C. 2929.14(C) and R.C. 2929.14(E)(4).
[3] See, 2929.19(B)(2)(c) and (d); see also State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
[4] See, State v. Payne, 3d Dist. No. 5-04-21, 2004-Ohio-6487, ¶ 27, citations omitted; see also State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302, citations omitted, (It is within discretion of the trial court to determine the amount of weight to assign to each applicable statutory factor.).